# CASES DETERMINED

## August Term, 1896.

---

MATTHIESON and another, Respondents, vs. SCHOMBERG, Appellant.

*September 2 — September 22, 1896.*

*Usury: Pleading.*

1. In an action under sec. 1691, R. S., to recover treble the amount of usurious interest paid, a complaint alleging, in effect, that defendant loaned to plaintiffs $2,500 upon an agreement that they should repay said sum and also pay the usurious sum of $1,000 for the loan; that two notes, each secured by collaterals, one for $2,000 and the other for $1,500, payable three and four months after date, without interest until due, were given by plaintiffs as evidence of the agreement; that plaintiffs had paid said notes; and that they had paid, and defendant had received, for said loan, in excess of lawful interest, the sum of $950.83 — is *held* sufficient, upon a demurrer *ore tenus*, although it does not allege that the $1,000 was paid for the use of the $2,500 for any specified time.

2. An answer, in such case, alleging that the $2,500 was placed by defendant in the plaintiffs' hands, at their request, to be invested by them in certain real estate; that plaintiffs represented that the profits of the investment would be at least $6,000 or $7,000, and agreed that if defendant would accept $1,000 as his share of the profits they would guarantee that sum to him and return the $2,500 advanced by him; and that he agreed thereto, and the notes were executed and the $1,000 was paid accordingly,— is *held* not to show a partnership or a joint adventure, and not to state any defense.

3. A refusal to allow the defendant further to amend his answer, after having entered upon the defense, was proper, especially where no suggestion was made as to the character of the proposed amendment.

Matthieson and another vs. Schomberg.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

This action was commenced August 28, 1893. The complaint alleges, in effect, that on October 29, 1892, the defendant, at the instance and request of the plaintiffs, loaned to them $2,500 upon an agreement that the plaintiffs should not only repay the defendant the $2,500, but also, in addition thereto, a large, exorbitant, and usurious sum of money, to wit, $1,000, for the loan for the time the same should be retained by them, as therein alleged; that the plaintiffs acceded to the demands of the defendant, and on October 29, 1892, made, executed, and delivered to the defendant their two certain promissory notes in writing,— one dated October 29, 1892, wherein and whereby they, for value received, promised to pay to the order of the defendant, ninety days after date thereof, $2,000, with interest at six per cent. per annum after due, secured by a land contract, and the other note, dated October 29, 1892, wherein and whereby they, for value received, promised to pay to the order of the defendant, four months after the date thereof, $1,500, with interest at six per cent. per annum after due, secured by stock certificate; that no other or greater consideration had ever been had or received by the plaintiffs for said notes than the $2,500 mentioned; that the plaintiffs paid to the defendant thereon, November 28, 1892, $500; that the plaintiffs paid to the defendant thereon, January 10, 1893, $500; that the plaintiffs paid to the defendant thereon, January 16, 1893, $500; that the plaintiffs paid to the defendant thereon, January 25, 1893, $1,000; that all of said sums of money, paid by the plaintiffs to the defendant, were so paid to him at the instance and request of the defendant, who accepted and received the same; that January 25, 1893, the defendant surrendered to the plaintiffs said notes, and in lieu thereof they executed and delivered to him their joint promissory note in writing,

dated January 25, 1893, wherein and whereby they, for value received, promised to pay to the order of the defendant $1,000, without interest, secured by certificate of stock; that no other consideration was ever had or received by the plaintiffs for the last-mentioned note than stated; that the defendant received and accepted the same in the place and stead of the two notes so surrendered, and did thereafter, and before said last-mentioned note became due, indorse and transfer the same to the Plankinton Bank for $1,000; that on June 1, 1893, the Plankinton Bank made a voluntary assignment to William Plankinton for the benefit of its creditors; that on June 8, 1893, the plaintiffs, on demand of said assignee, paid to him the sum of $1,000, on account and in satisfaction of said note, which was thereupon canceled, surrendered, and delivered to the plaintiffs; that the plaintiffs had paid, and the defendant had received, for said loan of money, in excess of interest at the rate of ten per cent. per annum, the sum of $950.83; and for three times that amount the plaintiffs demanded judgment against the defendant, together with costs and disbursements of the action.

The defendant answered, by way of admissions, denials, and counter allegations, to the effect that the $2,500 so alleged to have been loaned was placed by the defendant in the hands of the plaintiffs at their solicitation and request, to be invested by them in certain real estate, and the $1,000 alleged to have been contracted for and paid by the plaintiffs to the defendant, for the use and forbearance of the $2,500, was contracted for and paid by the plaintiffs as the defendant's share of the profits of the investment in the real estate mentioned; that the plaintiffs represented to the defendant that there was at least $6,000 or $7,000 profits to be made from the proposed investment in said real estate, and desired the said defendant to join them in the speculation, and to advance for that purpose the $2,500; that the

plaintiffs agreed that, if the defendant would accept as his share of the profits of such investment the sum of $1,000, they would guarantee the same to him, and return to him, in four months from that time, the $2,500 so advanced; that the defendant assented to the proposal of guaranty and the refunding of the sum so to be advanced as his full share and interest in such investment and the profits thereof; that accordingly it was concluded and agreed that the notes should be given as mentioned.

At the close of the trial, the jury, by direction of the court, returned a verdict in favor of the plaintiffs for $2,852.50, being three times the amount so alleged to have been paid by the plaintiffs in excess of the legal interest. From the judgment entered thereon in favor of the plaintiffs the defendant appeals.

For the appellant there was a brief by *Fiebing & Killilea* and *J. C. Kerwin*, and oral argument by *H. J. Killilea* and *Mr. Kerwin*. They contended, *inter alia*, that a loan is not necessarily usurious by reason of its constituting part of an agreement between the parties, which they regard as mutually beneficial on its own merits, and to which the loan is merely incidental. *Clarke v. Sheehan*, 47 N. Y. 188; *Utica Ins. Co. v. Cadwell*, 3 Wend. 296; *N. Y. F. Ins. Co. v. Donaldson*, 3 Edw. 199; *Nourse v. Prime*, 7 Johns. Ch. 77; *Suydam v. Westfall*, 4 Hill, 211. The transaction was not strictly a loan, at least as it appears from the pleadings, but a joint adventure in the nature of a partnership for the purpose of securing the profits of the enterprise and dividing them. *Case v. Fish*, 58 Wis. 90; *Upton v. Johnston,* 84 id. 8; *Rosenfield v. Haight*, 53 id. 260; *Spaulding v. Stubbings*, 86 id. 255. Participation in profits makes one a partner. *Parker v. Canfield*, 37 Conn. 250; *Boston & C. Smelting Co. v. Smith*, 13 R. I. 27; *Gilpin v. Enderby*, 5 Barn. & Ald. 954; *Rosenfield v. Haight*, 53 Wis. 260; *Spaulding v. Stubbings*, 86 id. 255; *Robbins v. Laswell*, 27 Ill. 365; Story,

Partnership, § 15; *Dob v. Halsey*, 16 Johns. 34; *Ferguson v. Alcorn*, 1 B. Mon. 160.   In any event the defendant would be a partner as to third parties, since he received a share of the profits, even though guaranteed to him, and would therefore be liable for the obligations entered into by the other parties concerned.   *Meyers v. Field*, 37 Mo. 434; *Sager v. Tupper*, 38 Mich. 258; *Saufley v. Howard*, 7 Dana (Ky.), 367.   The guaranty of profits was not sufficient to constitute usury.   *Rosenfield v. Haight*, 53 Wis. 260; *Spaulding v. Stubbings*, 86 id. 255; *Parker v. Canfield*, 37 Conn. 250.

For the respondents there was a brief signed by *Wheeler & Wheeler*, attorneys, and *Orren T. Williams*, of counsel, and oral argument by *L. G. Wheeler* and *Mr. Williams*.

CASSODAY, C. J.   Our statutes prescribe, in effect, that no person shall, directly or indirectly, take or receive, in money, goods, or things in action, or in any other way, any greater sum or any greater value, for the loan or forbearance of money, than at the rate of $10 upon $100 for one year, and that any agreement to pay more shall be valid and effectual only to secure the repayment of the principal sum loaned, without interest.   R. S. secs. 1688–1690.   They further prescribe, in effect, that "every person who, for any such loan or forbearance, shall have paid or delivered any greater sum or value than is above allowed to be received," may recover, in an action against the person who shall have taken or received the same, "treble the amount of the money so paid or value delivered, above the rate aforesaid, if such action shall be brought within one year after such payment or delivery."   R. S. sec. 1691.   It is conceded that this action was brought within the year.   It is contended, however, that the complaint fails to state a cause of action, and hence that the demurrer *ore tenus* should have been sustained.   The precise objection is that the complaint does not allege that the $1,000 was paid "for the use of the

Matthieson and another vs. Schomberg.

$2,500 for any specified time." But it does allege, in effect, that the $2,500 was loaned on time, as stated, and that a usurious sum of $1,000 was paid as a condition of making such loan and for the loan, and that the two notes, first mentioned, which by their terms drew no interest until after due, were given as evidence of the agreement. We think it is, in effect, alleged therein that the $950.83, which was one third of the verdict mentioned, was, in violation of the statutes cited, paid, in excess of the rate of interest therein authorized, "for the loan or forbearance" of the $2,500 mentioned. If counsel deemed the complaint indefinite and uncertain, their remedy was by motion and not by demurrer *ore tenus*.

Exception is taken because the court excluded all testimony under the amended answer. It will be conceded that this exception must be overruled unless the amended answer states a complete or partial defense, and we are clearly of the opinion that it does not state either. True, the answer alleges that the $2,500 alleged to have been loaned was placed by the defendant in the hands of the plaintiffs, at their request, to be invested in certain real estate, and that the $1,000 was to be the defendant's share of the profits growing out of such investment. But the affirmative allegations of the answer must be construed together; and it appears from them that, at the time of advancing the $2,500 by the defendant, he took back from the plaintiffs two notes, aggregating the amount of $3,500, without interest until due, and that each was secured by collaterals. No partnership is alleged, nor any facts from which a partnership can be inferred. No joint adventure is alleged, nor anything from which such adventure can be inferred. True, the answer alleges that the plaintiffs represented to the defendant that there were at least $6,000 or $7,000 to be made as profits from the proposed investment; but it also appears from the facts alleged that the amount which the defend-

ant was to receive was definitely fixed, and was in no way dependent upon the question whether the investment resulted in profit or loss. If it resulted in a profit after paying the notes held by the defendant, then the whole of such profit belonged to the plaintiffs; and if it resulted in a loss, then they alone were obliged to suffer the loss. The facts alleged and admitted in the answer show that the money advanced by the defendant was a loan by him to the plaintiffs, pure and simple, and that the same was made upon an agreement on the part of the plaintiffs to repay him, at the time of the maturity of the notes, respectively, all that he had advanced, together with $950.83 in excess of the rate of interest allowed by law, notwithstanding the pleader, in certain portions of the answer, draws a different conclusion from the facts so alleged and admitted.

The court properly refused to allow the defendant, after having entered upon the defense, to further amend his answer, especially as no suggestion was made as to the nature or character of the new facts proposed to be alleged by way of such further amendment. Besides, there is no exception to such ruling.

The facts entitling the plaintiffs to recover, having not only been proved by them but admitted in the answer, the court very properly directed a verdict in favor of the plaintiffs.

*By the Court.*— The judgment of the circuit court is affirmed.